**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN CLARK, <br><br> Plaintiff, <br><br> v. <br><br> DECIBEL THERAPEUTICS, INC., WILLIAM H. CARSON, ALISON FINGER, MATTHEW KAPUSTA, KEVIN MCLAUGHLIN, SARASWATHY NOCHUR, and LAURENCE REID, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. <br><br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff John Clark ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Decibel Therapeutics, Inc. ("Decibel" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Regeneron Pharmaceuticals, Inc. (Regeneron").[1]

2. On August 8, 2023, Decibel entered into an Agreement and Plan of Merger

---

[1] This proposed acquisition of the Company described will be referred to herein as the "Proposed Transaction."

("Merger Agreement") with Regeneron and Regeneron's wholly owned subsidiary, Symphony Acquisition Corporation ("Purchaser"). The Merger Agreement provides that Regeneron will acquire Decibel in exchange for $4.00 in cash and one contingent value right per share (each a "CVR"), which represents the contractual right to receive up to three contingent payments for an aggregate of up to $3.50 in cash upon the achievement of certain clinical development and regulatory milestones for Decibel's lead investigational product candidate, DB-OTO, per share of Decibel common stock, via a tender offer (the "Tender Offer").[2]

3. The Company's corporate directors subsequently authorized the July 13, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants'

---

[2] Purchaser commenced the Tender Offer on August 25, 2023.

[3] The Tender Offer is currently scheduled to expire at one minute after 11:59 p.m., Eastern Time, on September 22, 2023.

violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of shares of Decibel common stock.

10. Defendant Decibel is a Delaware corporation with its principal executive offices located at 1325 Boylston Street, Suite 500, Boston, Massachusetts 02215. Decibel's shares trade on the Nasdaq Global Select Market under the ticker symbol "DBTX." Decibel is a clinical-stage biotechnology company engaged in discovering and developing transformative treatments for hearing and balance disorders. The Company's product candidates and programs focus on (a) Gene Therapies for Congenital, Monogenic Hearing Loss designed to restore functional cells within the cochlea to address hearing disorders caused by single gene mutations; (b) Gene Therapies for Hair Cell Regeneration designed to replace lost hair cells within the inner ear to address acquired hearing loss and balance disorders; and (c) Otoprotection Therapeutic in clinical

development to prevent hearing loss in cancer patients undergoing chemotherapy with cisplatin. Decibel's lead gene therapy product candidate is DB-OTO to provide hearing to individuals born with profound hearing loss due to mutation of the otoferlin gene. The Company's pipeline also includes DB-ATO and AAV.201, a gene therapy program designed to restore balance in patients with bilateral vestibulopathy by regenerating lost hair cells within the vestibule, DB-020 for the prevention of cisplatin-induced hearing loss, AAV.103 to restore hearing in individuals with a gap junction beta-2 deficiency, AAV.104 to restore hearing in individuals with stereocilin deficiency, and cochlear hair cell regeneration program, an AAV-based gene therapy that utilizes cell-selective expression of reprogramming factors to convert supporting cells into outer hair cells. Since 2017, the Company has been involved in a strategic collaboration with Regeneron, focused on developing gene therapies for monogenic forms of congenital hearing loss.

11. Defendant William H. Carson is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Alison Finger is and has been a director of the Company at all times relevant hereto.

13. Defendant Matthew Kapusta is and has been a director of the Company at all times relevant hereto.

14. Defendant Kevin McLaughlin is and has been a director of the Company at all times relevant hereto.

15. Defendant Saraswathy Nochur is and has been a director of the Company at all times relevant hereto.

16. Defendant Laurence Reid has been Chief Executive Officer and a director of the Company at all times relevant hereto.

17.     Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

18.     On August 9, 2023, Regeneron and Decibel jointly announced in relevant part:

TARRYTOWN, N.Y. and BOSTON, Aug. 09, 2023 (GLOBE NEWSWIRE) -- Regeneron Pharmaceuticals, Inc. (NASDAQ: REGN) and Decibel Therapeutics, Inc. (NASDAQ: DBTX), a clinical-stage biotechnology company dedicated to discovering and developing transformative treatments to restore and improve hearing and balance, today announced a definitive agreement for the acquisition of Decibel by Regeneron at a price of $4.00 per share of Decibel common stock payable in cash at closing, with an additional non-tradeable contingent value right (CVR) to receive up to $3.50 per share in cash upon achievement of certain clinical development and regulatory milestones for Decibel's lead investigational candidate, DB-OTO, within specified time periods. The proposed acquisition values Decibel at a total equity value of approximately $109 million based on the amount payable at closing, and a total equity value of up to approximately $213 million if the CVR milestones are achieved.

"We at Decibel are deeply committed to discovering and advancing innovative new therapies with the potential to be transformative for people with severe forms of hearing loss. We have built a pipeline of gene therapy product candidates for the ear that we believe have such potential. After full consideration, the Decibel Board has determined that this transaction is the best way to maximize shareholder value and ultimately benefit patients," said Laurence E. Reid, Ph.D., President and Chief Executive Officer of Decibel. "We have collaborated with our colleagues at Regeneron for the past six years and have huge respect for their research and development capabilities. We have full confidence that with Regeneron's expertise and resources the Decibel pipeline can be optimally developed, and our team is committed to enabling that long-term success."

Decibel and Regeneron established their initial collaboration in 2017, with an extension announced in 2021, and are developing three gene therapy programs targeting different forms of congenital, monogenic hearing loss. DB-OTO, which is currently in the global Phase 1/2 CHORD™ clinical trial, is an investigational cell-selective, adeno-associated virus (AAV) gene therapy designed to provide durable, physiological hearing to individuals with profound, congenital hearing loss caused by mutations of the otoferlin gene. Preclinical programs include AAV.103 for people with GJB2-related hearing loss and AAV.104 for people with stereocilin (STRC)-related hearing loss.

"We are delighted to announce the planned acquisition of Decibel, who have been long-standing collaborators, notable for their deep scientific knowledge and commitment to people with hearing loss," said George D. Yancopoulos, M.D., Ph.D., Board co-Chair, Chief Scientific Officer and President of Regeneron. "DB-OTO, our shared lead investigational gene therapy, will soon reach patients in its first clinical trial, offering new promise to children with this rare form of congenital hearing loss, as well as potential proof-of-concept for future gene therapies addressing more common forms of genetic hearing loss. We believe that Decibel's assets and specialized team will further strengthen our genetic medicines portfolio, enabling Regeneron to accelerate the development of innovative genetic therapies and a rich pipeline of hearing loss treatments."

Congenital hearing loss is a significant unmet medical need with no approved medical therapies that affects approximately 1.7 out of every 1,000 children born in the United States. While hearing loss caused by mutations of the otoferlin gene is rare, the majority of permanent, congenital hearing loss cases diagnosed in developed countries are sensorineural and result from a single gene defect, making them appealing targets for gene therapy. Hearing aids and cochlear implants may offer benefits, but they fall short of replicating normal hearing function.

The merger agreement provides for Regeneron, through its wholly owned subsidiary Symphony Acquisition Sub, Inc., to initiate a tender offer to acquire all outstanding shares of Decibel at a price of $4.00 per share of Decibel common stock payable in cash at closing plus one CVR payable in cash subject to the terms and conditions contained in a contingent value rights agreement ("CVR Agreement"). CVR holders would become entitled to receive contingent payments as follows: (i) $2.00 in cash, upon the fifth participant being administered with DB-OTO in a clinical trial on or prior to December 31, 2024 (the DB-OTO Milestone); and (ii) $1.50 in cash, upon (a) the first participant being administered with DB-OTO in a registration enabling trial (as defined in the CVR Agreement) or (b) acceptance for review of a Biologics License Application by the U.S. Food and Drug Administration, a Marketing Authorization Application by the European Medicines Agency or the U.K. Medicines and Healthcare Products Regulatory Agency, or an equivalent application by the applicable national regulatory authority in any of Germany, France, Italy or Spain for DB-OTO, whichever occurs first, on or prior to December 31, 2028; provided the DB-OTO Milestone is achieved on or prior to December 31, 2024. There can be no assurance that any payments will be made with respect to the CVR. The closing of the tender offer will be subject to certain conditions, including the tender of at least a majority of the outstanding shares of Decibel common stock and other customary closing conditions. Upon the successful completion of the tender offer, Regeneron will acquire all shares not acquired in the tender through a second-step merger for the same consideration per share paid in the tender offer. The transaction is expected to close in the third quarter of 2023.

Regeneron's legal advisor for the transaction is Wachtell, Lipton, Rosen & Katz. Centerview Partners LLC and Leerink Partners LLC are serving as Decibel's financial advisors and Wilmer Cutler Pickering Hale and Dorr LLP is serving as Decibel's legal advisor.

**The Materially Incomplete and Misleading Solicitation Statement**

19. The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on August 25, 2023. The Solicitation Statement, which recommends that Decibel stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Centerview Partners LLC ("Centerview"); and (c) potential conflicts of interest faced by Centerview, the Company's additional financial advisor Leerink Partners LLC ("Leerink"), and Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

20. The Solicitation Statement fails to disclose material information concerning the financial projections for the Company, including the Decibel's risk-adjusted forecasts.[4]

21. The Solicitation Statement also fails to disclose a summary of the financial forecasts discussed at the April 28, 2023 meeting of the transaction committee of the Board (the "Transaction Committee"), and a quantification of the changes made to those forecasts to arrive at the financial forecasts reviewed by the Transaction Committee on June 22, 2023, and approved for use by Centerview for purpose of its financial analyses on July 10, 2023.

22. The Solicitation Statement also fails to disclose the line items underlying the Company's forecasted EBIT and Unlevered Free Cash Flow.

---

[4] *See* Solicitation Statement at 38.

*Material Misrepresentations and/or Omissions Concerning Centerview's Financial Analyses*

23. The Solicitation Statement fails to disclose material information concerning Centerview's financial analyses.

24. With respect to the *Discounted Cash Flow Analysis* performed by Centerview, the Solicitation Statement fails to disclose: (a) the Company's terminal values; (b) the Company's tax savings from usage of its estimated federal net operating losses; (c) the Decibel's cash balance (including investments) as of June 30, 2023; (d) the Company's fully-diluted outstanding shares; and (e) the net impact of assumed equity raises in 2023, 2024 and 2026.

25. With respect to the *Analyst Price Target Analysis* performed by Centerview, the Solicitation Statement fails to disclose the respective individual price targets observed and their sources.

26. With respect to the *Precedent Premiums Paid Analysis* performed by Centerview, the Solicitation Statement fails to disclose the identities of the transactions analyzed and their respective individual premiums observed.

*Material Misrepresentations and/or Omissions Concerning Centerview's, Leerink's, and Company Insiders' Potential Conflicts of Interest*

27. The Solicitation Statement fails to disclose material information concerning potential conflicts of interest faced by Centerview and Leerink, including the compensation Centerview received in connection with the financial advisory services it provided to LogicBio Therapeutics, Inc. and ReViral Inc. in 2022.

28. The Solicitation Statement also fails to disclose details of any services Leerink provided to the Company, OrbiMed Advisors LLC, Regeneron, or their respective affiliates, in the prior two years, and any related compensation received by Leerink.

29. The Solicitation Statement also fails to disclose material information concerning

Company insiders' potential conflicts of interest, including whether any of Regeneron's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30. The omission of the above-referenced information renders statements in the "Certain Company Management Forecasts," "Opinion of Centerview Partners LLC," "Persons/Assets Retained, Employed, Compensated or Used," and "Background of the Offer and the Merger" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

31. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Decibel will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

32. Plaintiff repeats all previous allegations as if set forth in full.

33. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Decibel stockholders to tender their shares in the Tender Offer.

34. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

35. Section 14(d)(4) of the Exchange Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance

with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

36. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

37. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

38. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

39. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

40. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Decibel, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

41. Plaintiff repeats all previous allegations as if set forth in full.

42. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

43. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Decibel stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning, *inter alia*, the Company's financial forecasts and the analyses underlying the fairness opinion in support of the Proposed Transaction.

44. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer.

45. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

46. Plaintiff repeats all previous allegations as if set forth in full.

47. The Individual Defendants acted as controlling persons of Decibel within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Decibel, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

50. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and

information that they reviewed and considered—descriptions the Company directors had input into.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Decibel stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance

13

for Plaintiff's attorneys' and experts' fees; and

    E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: August 30, 2023       **LONG LAW, LLC**

              By: */s/ Brian D. Long*
                 Brian D. Long (#4347)
                 3828 Kennett Pike, Suite 208
                 Wilmington, DE 19807
                 Telephone: (302) 729-9100
                 Email: BDLong@LongLawDE.com

                 *Attorneys for Plaintiff*